IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CODY OLACHEA,

    Plaintiff,

v.                                        NO.  1:14-CV-01126-KBM-CG

CITY OF FARMINGTON, NEW MEXICO,
TYLER W. BROWN, JASON COX, and
DANIEL ANGLIN,

    Defendants.

### DEFENDANTS CITY OF FARMINGTON, TYLER W. BROWN AND DANIEL ANGLIN'S MEMORANDUM BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants City of Farmington, Tyler W. Brown and Daniel Anglin ("the Farmington Defendants"), by and through their attorneys of record, file this Memorandum Brief in Support of Their Motion to Dismiss under Rule 12(b)(6), which is being filed in lieu of an answer to Plaintiff's Amended Complaint ("Complaint") filed on April 24, 2015.

Plaintiff Cody Olachea has drafted a rather lengthy complaint in which he brings claims under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. The Farmington Defendants file this Motion to Dismiss to show that the claims that Plaintiff purports to bring under 42 U.S.C. § 1983 are not supported by the law and that the cause of action, which is in essence a claim for negligent operation of a vehicle under New Mexico tort law and which is governed by the New Mexico Tort Claims Act, is without any factual basis that would support federal jurisdiction or any claim under 42 U.S.C. § 1983. Furthermore, the state claims that Plaintiff seeks to assert should likewise be dismissed as they are barred by the two-year statute of limitations of the Tort Claims Act, §41-4-15. For these reasons, the Farmington Defendants request that the claims under 42 U.S.C. § 1983 be dismissed, as well as Plaintiff's state law claims.

I.  **THE FACTS PLED IN PLAINTIFF'S COMPLAINT SUPPORT THE FARMINGTON DEFENDANTS' MOTION TO DISMISS**

On a Motion to Dismiss, the Court must look solely at the allegations of the complaint and determine whether the facts pled support a claim, construing them in the light most favorable to the plaintiff.  *Cressman v. Thompson*, 719 F.3d 1139, 1152 (10th Cir. 2013).

The following facts from the Complaint are relevant to the present motion:

1. Defendant City of Farmington is a local government entity.  Complaint, ¶ 2.

2. The City of Farmington is sued under 42 U.S.C. § 1983 under a theory of municipal liability for failure to train and supervise its employees, Tyler Brown and Daniel Anglin.  Complaint, ¶ 4.

3. The City of Farmington is also sued under § 1983 as a result of its own allegedly unconstitutional customs, policies or practices.  Complaint, ¶ 5.

4. Defendant Tyler Brown was a law enforcement officer at all material times hereto.  Complaint, ¶ 7.

5. Defendant Daniel Anglin was also an employee of the City of Farmington who was employed "to maintain and repair, among other traffic signals and lights, the traffic controls at the intersection at which Plaintiff was injured…"  Complaint, ¶ 12.

6. On or about December 12, 2012, at approximately 3:42 a.m., Plaintiff Cody Olachea was driving his 1999 Mitsubishi Eclipse northbound on North Butler Avenue approaching the intersection of where North Butler Avenue meets East Main Street.  Complaint, ¶ 22.

7. In the passenger seat next to him was Plaintiff's friend Deseree Trujillo.  Complaint, ¶ 23.

8. As Plaintiff entered the intersection of Butler and East Main Street, his vehicle was suddenly struck with tremendous force, on the passenger side, by a police vehicle being driven by Defendant Brown. Complaint, ¶¶ 24 and 25.

9. At the time he entered the intersection, Defendant Brown was speeding, traveling approximately 51 miles an hour in a 30 [sic] mile per hour zone (the posted speed on Main Street was 35 mph). Complaint, ¶ 28.

10. At the time of the collision, Defendant Brown was on duty as a police officer. Complaint, ¶ 30.

11. Defendant was not responding to an emergency call, he had not activated his lights or siren and there was no legal justification for Defendant Brown's excessive speed. Complaint, ¶¶ 31-33.

12. Plaintiff alleges that the wreck destroyed Plaintiff's car, that the car was struck with such violent force that it was ejected into the parking lot of a nearby business and that Deseree Trujillo was seriously injured. Amended Complaint, ¶¶ 34-37.

13. Plaintiff claims to have suffered head injuries and a broken arm. Complaint, ¶ 38.

14. Plaintiff alleges that as Officer Brown entered the intersection, he knew that the traffic light on East Main Street was in "rest mode," meaning that it would stay green indefinitely unless a vehicle traveling north and south at the intersection caused the light to cycle or one or more pedestrians attempting to cross the street pressed the crosswalk button. Complaint, ¶ 61.

15. Plaintiff alleges that the light was red for Officer Brown and green for Plaintiff. Complaint, ¶¶ 63 and 65.

16. Plaintiff alleges that Brown was a dangerous driver having a history of traffic and motor vehicle infractions. Complaint, ¶ 69.

17. At the time of the collision, it is alleged that Officer Brown was "racing toward the intersection without apparently paying any attention to his surroundings. Complaint, ¶ 70.

18. Plaintiff alleges that Defendant Brown assumed the light would be green in his direction of travel and therefore was not looking forward or paying attention to his surroundings before he collided with Plaintiff. Complaint, ¶ 77.

19. Defendant Jason Cox of the San Juan County Sheriff's Department is alleged to have caused Plaintiff to be charged with the crime of Great Bodily Harm by vehicle [based on injuries to his passenger, Desiree Trujillo]. Complaint, ¶ 108.

20. Alternatively, Plaintiff alleges that Officer Brown lied to his fellow officers so they would initiate prosecution of Plaintiff for the crime of Great Bodily Harm by vehicle. Complaint, ¶ 111.

21. Plaintiff was not convicted of Great Bodily Harm by vehicle but he was charged with and pled guilty to the crime of driving while under the influence of alcohol. Complaint, ¶¶ 115-16.

22. The accident in question occurred on 12/12/12. Complaint, ¶ 22. Plaintiff filed his original complaint with this Court on 12/12/14.

## II. LEGAL ARGUMENT

### A. Plaintiff fails to state any claim under 42 U.S.C. § 1983.

While what occurred was obviously a serious traffic accident, particularly as it related to Plaintiff's passenger, Deseree Trujillo, this is not a case that implicates any of Plaintiff's constitutional rights under 42 U.S.C. § 1983. Instead, it is a tort claim for negligence that can

4

only be brought under the New Mexico Tort Claims Act. For purposes of the present Motion to Dismiss, the Farmington Defendants will show that the claims under 42 U.S.C. § 1983 are without foundation in the law and should never have been brought, thus defeating any basis for federal jurisdiction and mandating dismissal of the entire cause of action asserted by Plaintiff.

Plaintiff's claims under 42 U.S.C. § 1983 can be summarized as follows: Plaintiff claims that his Fourth Amendment right to be free from unlawful seizure was violated as was his right to be free from the use of excessive and unnecessary force. See Complaint, ¶¶ 92 and 93. Plaintiff claims that Defendant Brown's "dangerous and unlawful decision to drive in excess of the speed limit, without looking ahead of his vehicle, and/or running the red light violated Plaintiff's right to be free from unlawful seizure and/or free from the use of excessive force." Complaint, ¶ 96. Plaintiff further alleges that a motor vehicle has long been recognized to be a potential deadly weapon. Complaint, ¶ 97. Plaintiff contends that the auto accident in which Defendant Brown was involved constituted excessive and unreasonable force under the Fourth Amendment.

In Count 4 of the Amended Complaint, Plaintiff brings a claim under 42 U.S.C. § 1983 against Officer Brown and/or Jason Cox, a San Juan County deputy who participated in the investigation of this accident. The factual basis for Plaintiff's claim for malicious prosecution appears to be a claim that Defendant Brown lied to his fellow officers and that there was no probable cause to charge Plaintiff with the criminal violations of Great Bodily Harm by vehicle, a crime for which he ultimately was not convicted. Instead, Plaintiff pled guilty and was sentenced to driving while under the influence of alcohol, the validity of which Plaintiff does not challenge. See Complaint, ¶¶ 116-17.

5

In Count 5 of Plaintiff's Complaint, he alleges municipal liability (custom and practice against the City of Farmington claiming that it had an official policy of permitting its officers to illegally arrest and detain people and/or permitting its officers to use excessive force or ignoring those such actions.  See Complaint, ¶ 43.

In Count 6, Plaintiff further alleges municipal liability for failure to train and supervise Officer Brown with regard to operation of his motor vehicle.

Plaintiff simply ignores the law concerning Fourth Amendment seizures when a vehicle is involved.  A traffic accident is not a violation of someone's constitutional rights, even if the injuries are severe.  The test for unconstitutional operation of a vehicle is very limited.  To state an excessive force claim under the Fourth Amendment, Plaintiff must show both that a seizure occurred and that the seizure was unreasonable.  Plaintiff apparently views the impact of Officer Brown's vehicle with Plaintiff's vehicle as the seizure.  A traffic accident is not a "seizure" under the Fourth Amendment.  Plaintiff does not argue that Officer Brown was attempting to stop Plaintiff's vehicle and in fact admits Officer Brown did not see Plaintiff's vehicle.  By definition, a seizure under the Fourth Amendment only occurs when a governmental actor terminates a person's movement through force "intentionally applied."

The United States Supreme Court case that explained what constitutes a seizure by vehicle under the Fourth Amendment is **Brower v. Inyo County**, 49 U.S. 593 (1989).  In the *Inyo* case, an individual was killed when the stolen car that he had been driving at high speed crashed into a police road block.  The issue presented was whether a seizure, for Fourth Amendment purposes, had occurred.  The Court cited its previous decision in **Tennessee v. Garner**, 471 U.S. 1 (1985), holding that a police officer's fatal shooting of a suspect fleeing in a vehicle constituted a Fourth Amendment seizure.  The first requirement of a Fourth Amendment

violation is "an intentional acquisition of physical control." **Brower,** at 596. The detention or taking itself must be willful. The court offered the following example: "If a parked and unoccupied police car slips its break and pins a passerby against a wall, it is likely that a tort has occurred, but not a violation of the Fourth Amendment." **Id.** The Court went on: "It is clear, in other words, that a Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement…but only when there is a governmental termination of freedom of movement *through means intentionally applied."* **Id.** at 597 (italics in original). In the present case, by definition, there is no Fourth Amendment seizure. Thus, this Court need not even analyze whether there was an unreasonable seizure, as there was simply no seizure.

In all cases since **Brower,** this basic rule has not changed. There must be some intentional action on the part of the officer. See also **County of Sacramento v. Lewis**, 523 U.S. 833 (1998) (holding that liability for negligently inflicted harm is categorically beneath the constitutional due process threshold such that claims under the Fourteenth Amendment for substantive due process violations do not lie for negligently inflicted harm). There is simply no case law where an officer's negligence or inattention resulting in an automobile accident rose to the level of a seizure under the Fourth Amendment. Thus, Plaintiff's claim against Officer Brown therefore is patently frivolous and without legal support and justifies fees under 42 U.S.C. § 1988 or possibly Rule 11 sanctions.

Plaintiff does not bring suit for wrongful arrest under § 1983. Instead, he alleges a claim for malicious prosecution. Malicious prosecution is recognized as a tort in New Mexico (now called abuse of process). The contours of a malicious prosecution type action under § 1983, however, are more narrow. Nevertheless, federal courts have held that the Fourteenth

Amendment protects individuals against deprivations of liberty without due process of law. However, if a state actor's harmful conduct is unauthorized and could not be anticipated in advance of the deprivation, then an adequate post-deprivation remedy, such as a state court tort claim, will satisfy the due process requirements. See ***Becker v. Kroll***, 494 F.3d 904, 921 (10th Cir. 2007).

To establish a malicious-prosecution claim under § 1983, a plaintiff must prove that the defendant initiated or continued a proceeding against him without probable cause. Unlike a false arrest or false imprisonment claim, malicious prosecution concerns detention only after the institution of legal process. Thus, a constitutional violation can exist only when a plaintiff alleges the legal process itself to be wrongful. ***Mata v. Anderson,*** 685 F.Supp.2d 1223, 1249 (D.N.M. 2010). A necessary component of a malicious prosecution action, therefore, is the termination of the prior criminal proceeding in favor of the accused. See ***Heck v. Humphrey***, 512 U.S. 477, 484 (1994). It is well settled that a guilty plea is not a termination in favor of the accused for purposes of a malicious prosecution claim. See ***Posr v. Court Officer Shield # 207***, 180 F.3d 409, 418 (2d Cir. 1999). Likewise, the favorable termination of some but not all individual charges does not establish the favorable termination of the criminal proceeding as a whole. ***Kossler v. Crisanti***, 564 F.3d 181, 188 (3d Cir. 2009). Because it is rare that a defendant pleads guilty to every charge against him when there are multiple charges, the more logical approach is to consider as a total transaction whether the activity forming the basis for the arrest is the same as the activity to which the defendant pleaded guilty. See, e.g., ***Franklin v. Thompson***, 981 F.2d 1168, 1170 (10th Cir. 1992) ("plaintiff's misdemeanor convictions foreclose her from challenging the legality of her arrest in a subsequent civil action"); ***Sealy v. Fishkin***, 1998 WL 1021470 (E.D.N.Y. Dec. 2, 1998) ("By pleading guilty to disorderly conduct,

plaintiff necessarily acknowledged that he was engaged in some unlawful activity for which the police could properly take him into custody."). See also ***Guinn v. Unknown Lakewood Police Officers,*** 2010 WL 4740326 (D. Colo. 2010) and ***Neff v. Neff***, 247 P.3d 380, 395-96 (Utah 2011), which discusses these principles at length.

Plaintiff concedes in his Complaint that he was rightfully arrested and that he pled guilty to driving while intoxicated, just that he denies that he was guilty of the crime of Great Bodily Harm by vehicle and apparently contends that there was no basis on which to prosecute him for that crime. He alleges that Officer Brown "lied" and it was that lie that resulted in that charge being brought. Even if all these facts were true, there is no claim under 42 U.S.C. § 1983 for malicious prosecution as a matter of law as he pled guilty to a lesser charge arriving from the traffic accident.

### B.     Plaintiff's Claims against Farmington under § 1983 Must Likewise Fail.

Plaintiff's claims against the City likewise fail, as there is no underlying unconstitutional conduct by a city actor that would support a claim of municipal liability under § 1983. See ***City of Los Angeles v. Heller***, 475 U.S. 796, 799 (1986) (per curiam) (holding that if a police officer inflicted no constitutional injury on a suspect, "it is inconceivable" that the police commissioners could be liable to the suspect); see also ***Estate of Larsen ex rel. Sturdivan v. Murr,*** 511 F.3d 1255 (10th Cir. 2008).

### C.     Plaintiff's Claims for Negligence under the Tort Claims Act are Untimely.

Even though Plaintiff's claims for negligent operation of a motor vehicle and negligent maintenance of the intersection sound in negligence, these claims also cannot proceed as they are barred by the two-year statute of limitations applicable to such claims.

Section 41-4-15 NMRA 1978 states:

> Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced **within two years after the date of occurrence** resulting in loss, injury or death, except that a minor under the full age of seven years shall have until his ninth birthday in which to file. This subsection applies to all persons regardless of minority or other legal disability. (emphasis added)

While the legislature may determine what actions may be brought under the Tort Claims Act and the limitations period for filing them, the procedure for determining the period in which such actions shall be filed is a procedural question to be calculated by court rules. ***Dutton v. McKinley Cty Bd of Comm'rs***, 1991-NMCA-130, ¶ 14, 113 N.M. 51. In this instance, 1-006(A)(1) NMRA applies. Rule 1-006 applies generally to court rules, orders and state statutes. When the period at issue is longer than eleven days, the rule provides that the last day of the period will be extended only if the last day of the period in question falls on a Saturday, Sunday or legal holiday. This rule applies to claims brought under the New Mexico Tort Claims Act. ***Dutton***, 1991-NMCA-130, ¶ 19. See also ***O'Brien v. Wilson***, 1921-NMSC-022, 26 N.M. 641, 195 P. 803.

As the accident occurred on 12/12/12, to be "within" the two-year limitations period, the action needs to have been brought no later than 12/11/14, unless the last day of the period falls on a Saturday, Sunday or legal holiday. The date of 12/11/14 fell on a Thursday, therefore that date was the last date for Plaintiff to bring a timely complaint under the Tort Claims Act. Plaintiff's state law claims therefore must be dismissed.

**III.   CONCLUSION**

For the reasons demonstrated above, the Farmington Defendants request that all claims brought against the Farmington Defendants be dismissed with prejudice.

        Respectfully submitted,

        MILLER STRATVERT P.A.

        By */s/ Virginia Anderman*
          Virginia Anderman
          William T. Denning
          Attorneys for Defendants
          P. O. Box 25687
          Albuquerque, NM 87125-0687
          Telephone:  (505) 842-1950
          Facsimile:  (505) 243-4408

I hereby certify that on the 13th day of May, 2015
I filed the foregoing electronically through the CM/ECF
system, which caused the following parties or counsel
to be served by electronic means, as more fully reflected
on the Notice of Electronic Filing:

**ATTORNEYS FOR PLAINTIFF:**
Anna C. Martinez
Aequitas Law
P. O. Box 25304
Farmington, NM 87125
Telephone:  505-750-8005
Email:  anna@aequitas.pro


*/s/ Virginia Anderman*
Virginia Anderman




\\Abq-tamarack\ProData\013612-047531\Pleadings\2721353.doc