IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CODY OLACHEA**,

     Plaintiff,

                                    Case No. 14-cv-01126 WJ/CG

vs.

**CITY OF FARMINGTON, NEW MEXICO,**
**TYLER W. BROWN**, formerly a law enforcement
officer employed by Defendant Farmington Police
Department, a subsidiary of the City of
Farmington, **JASON COX**, a law enforcement
officer employed by the San Juan County Sheriff's
Office, a subsidiary of the County of San Juan, and
**DANIEL ANGLIN**, an employee of the City of Farmington
tasked with the repair and maintenance of the
Traffic Signal located at E. Main St. and N. Butler Ave.,
Farmington, New Mexico,

     Defendants.

### DEFENDANT JASON COX'S ANSWER TO COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND VIOLATIONS OF THE NEW MEXICO TORT CLAIMS ACT

COMES NOW Defendant Jason Cox, by and through his attorneys, Potts & Associates (Amy L. Glasser, Esq.), hereby submits Defendant Jason Cox's Answer to Complaint for Civil Rights Violations and Violations of the New Mexico Tort Claims Act. For his Answer, defendant Cox states:

1.     Defendant admits the allegations set forth in paragraph one (1).

2.     The allegations set forth in paragraphs two (2), three (3), four (4), five (5), six (6), seven (7), eight (8), and nine (9) do not pertain to defendant Cox and, therefore, no response is provided.

3.     Defendant admits the allegations set forth in paragraph ten (10).

4.     As to the allegations set forth in paragraph eleven (11), defendant admits that at all times relevant, he was a law enforcement officer acting within the course

and scope of his employment and under color of state law.  The remaining allegations set forth in paragraph eleven (11) are denied.

5.      The allegations set forth in paragraphs twelve (12) and thirteen (13) do not pertain to defendant Cox and, therefore, no response is provided.

6.      The statements of paragraph fourteen (14) contain overly broad legal conclusions rather than any factual assertions.  Therefore, no response is required.

7.      The allegations set forth in paragraphs fifteen (15) and sixteen (16) do not pertain to defendant Cox and, therefore, no response is provided.

8.      As to paragraph seventeen (17), defendant admits that the Complaint and the claims asserted therein allegedly arise under the laws of the United States and New Mexico but defendant Cox admits and denies those allegations as set forth in his Answer.

9.      Defendant admits that the incident giving rise to the cause of action occurred in Farmington, San Juan County, New Mexico and that venue is proper but denies the allegations and claims as set forth in his Answer.

10.      Defendant admits the allegations set forth in paragraphs twenty (20) and twenty-one (21) in regard to jurisdiction and venue.

<u>Factual Background</u>

11.      Defendant admits the allegations set forth in paragraphs twenty-two (22) and twenty-three (23).

12.      As to paragraphs twenty-four (24) and twenty-five (25), defendant admits that plaintiff's vehicle was struck on the passenger side in the intersection by a police vehicle being driven by defendant Brown.  The remaining allegations are denied.

13.      Defendant admits the allegations of paragraphs twenty-six (26) and twenty-seven (27).

14.     Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraphs twenty-eight (28) and twenty-nine (29) and, on that basis, denies.

15.     Defendant admits the allegations set forth in paragraph thirty (30).

16.     Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraphs thirty-one (31), thirty-two (32), thirty-three (33), thirty-four (34), and thirty-five (35) and, on that basis, denies.

17.     As to paragraphs thirty-six (36) and thirty-seven (37), defendant admits that the passenger in plaintiff's vehicle sustained severe injuries as a result of the accident.  Defendant is without sufficient knowledge or information to admit or deny the specific description of those injuries as alleged and, on that basis, denies.

18.     Defendant with without sufficient knowledge or information to admit or deny the allegations set forth in paragraph thirty-eight (38) and, on that basis, denies.

19.     Defendant admits the allegations set forth in paragraphs thirty-nine (39) and forty (40).

20.     Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraphs forty-one (41) and forty-two (42) and, on that basis, denies.

21.     Defendant admits the allegations set forth in paragraphs forty-three (43) and forty-four (44).

22.     Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraphs forty-five (45), forty-six (46) and forty-seven (47) and, on that basis, denies.

23.     Defendant denies the allegations set forth in paragraphs forty-eight (48), forty-nine (49), fifty (50), fifty-one (51), and fifty-two (52).

24.     The statements of paragraph fifty-three (53) contain overly broad legal conclusions rather than any factual assertion.  Therefore, no response is required.

25.     Defendant denies the allegations set forth in paragraphs fifty-four (54), fifty-five (55), fifty-six (56) and fifty-seven (57).

26.     Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraphs fifty-eight (58), fifty-nine (59), sixty (60), and sixty-one (61) and, on that basis, denies.

27.     Defendant denies the allegations set forth in paragraphs sixty-two (62), sixty-three (63), sixty-four (64), sixty-five (65), sixty-six (66), sixty-seven (67) and sixty-eight (68).

28.     Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph sixty-nine (69) and, on that basis, denies.

29.     Defendant denies the allegations set forth in paragraph seventy (70).

30.     Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraphs seventy-one (71), seventy-two (72), seventy-three (73), seventy-four (74), and seventy-five (75) and, on that basis, denies.

31.     Defendant denies the allegations set forth in paragraphs seventy-six (76) and seventy-seven (77).

32.     Defendant denies the allegations set forth in paragraphs seventy-eight (78), seventy-nine (79), eighty (80), and eighty-one (81).

Count I – Negligence in the Operation of a Motor Vehicle by Defendant Brown
and Respondeat Superior Liability (Pursuant to NM Tort Claims Act)

33.     The allegations of Count I and all paragraphs contained therein, numbered 82-86, do not apply to defendant Cox.  Therefore, no response is required.

Count II – Negligence Per Se in the Operation of a Motor Vehicle by Defendant
Brown and Respondeat Superior Liability (Pursuant to NM Tort Claims Act)

34.     The allegations of Count II and all paragraphs contained therein,

numbered 87-91, do not apply to defendant Cox.  Therefore, no response is required.

Count III – Unlawful Seizure and/or Excessive Force Contrary to the
Fourth and Fourteenth Amendments to the United States Constitution
(Pursuant to 42 USC § 1983)

35.     The allegations of Count III and all paragraphs contained therein,

numbered 92-107, do not apply to defendant Cox.  Therefore, no response is required.

Count IV – Malicious Prosecution of Plaintiff by Defendant Cox and/or
Defendant Brown (Pursuant to 42 USC § 1983)

36.     As to the allegations set forth in paragraph one hundred eight (108),

defendant admits that plaintiff was charged with violating NMSA 1978 § 66-8-101(C),

Great Bodily Harm by Vehicle but avers that it was plaintiff's conduct that caused him

to be so charged.

37.     As to the allegations set forth in paragraph one hundred nine (109),

defendant admits that plaintiff has accurately stated NMSA 1978 § 66-8-101(C) but

denies that there was no probable cause to believe that plaintiff caused the harm

resulting from the accident.

38.     Defendant denies the allegations set forth in paragraph one hundred ten

(110).

39.     To the extent that the allegations set forth in paragraph one hundred

eleven (111) apply to defendant Cox, those allegations are denied.

40.     Defendant admits the allegations set forth in paragraph one hundred

twelve (112) and avers that he also relied upon other evidence obtained during the

investigation of the accident in charging plaintiff.

41.     Defendant denies the allegations set forth in paragraphs one hundred thirteen (113) and one hundred fourteen (114).

42.     Defendant admits the allegations set forth in paragraph one hundred fifteen (115).

43.     Defendant admits that plaintiff plead guilty and was sentenced for driving while under the influence of alcohol and that he is not attempting to collaterally attack his conviction as stated in paragraphs one hundred sixteen (116) and one hundred seventeen (117).

44.     As to the allegations set forth in paragraph one hundred eighteen (118), defendant acknowledges that plaintiff has reiterated his contentions but denies the allegations of wrongdoing as to defendant Cox.

45.     Defendant denies the allegations set forth in paragraph one hundred nineteen (119).

<u>Count V – Municipal Liability (Custom and Policy) Defendant Farmington</u>
<u>(Pursuant to 42 USC §1983)</u>

46.     The allegations of Count V and all paragraphs contained therein, numbered 120-125, do not apply to defendant Cox.  Therefore, no response is required.

<u>Count VI – Municipal Liability (Failure to Train and Supervise)</u>
<u>Defendant Farmington (Pursuant to 42 USC §1983)</u>

47.     The allegations of Count VI and all paragraphs contained therein, numbered 126-130, do not apply to defendant Cox.  Therefore, no response is required.

Count VII – Battery of Plaintiff by Defendant Brown (Pursuant to the
NM Tort Claims Act, NMSA 1978, § 41-4-1, *et seq.*)

48.     The allegations of Count VII and all paragraphs contained therein, numbered 131-134, do not apply to defendant Cox.  Therefore, no response is required.

Count VIII – Failure to Maintain or Repair Dangerous Intersection by
Defendant Anglin (Pursuant to the NM Tort Claims Act)

49.     The allegations of Count VIII and all paragraphs contained therein, numbered 135-137, do not apply to defendant Cox.  Therefore, no response is required.

AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred by the provisions of the New Mexico Tort Claims Act.

2.     In the event the claim against defendant Cox is deemed to be a state tort claim for which immunity has been waived by the New Mexico Tort Claims Act, plaintiff's claim is barred by the applicable Statute of Limitations.

3.     Plaintiff fails to state a claim upon which relief may be granted.

4.     The injuries and damages sustained by Plaintiff were caused by the negligence or wrongful acts of the plaintiff and/or other party, or non-party tortfeasors for which defendant Cox is not liable.

5.     The alleged improper conduct on the part of the Defendant Cox does not rise to the level of a constitutional violation.

6.     All acts undertaken by the Defendant were in good faith.

7.     The claims asserted against the Defendant are barred or limited by the defense of qualified immunity.

7

WHEREFORE, Defendant Jason Cox respectfully request that the Complaint and claim asserted against him be dismissed in its entirety and for such further relief deemed just and proper under the circumstances.

JURY DEMAND

Defendant Jason Cox hereby submits his demand to have this matter heard by a jury of twelve (12) persons.

POTTS & ASSOCIATES

By:  */s/ Amy L. Glasser*
   AMY L. GLASSER
   6001 Indian School Road NE #100
   Albuquerque, NM  87110
   Telephone: 505-889-5252
   Facsimile:   877-365-8043
   aglasser@travelers.com
   *Attorney for Defendant Jason Cox*

I HEREBY CERTIFY that on this 2nd day of June, 2015, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties and counsel of record to be served by electronic or other means, as more fully reflected on the Notice of Electronic Filing:

*/s/ Amy L. Glasser*
AMY L. GLASSER