IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CODY OLACHEA,

    Plaintiff,

    v.                                                  NO. 1:14-CV-01126 WJ/CG

CITY OF FARMINGTON, NEW MEXICO,
TYLER W. BROWN, JASON COX, and
DANIEL ANGLIN,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART and DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

THIS MATTER comes before the Court upon a Motion to Dismiss filed by Defendants City of Farmington, Tyler W. Brown and Daniel Anglin[1] on May 13, 2015 (**Doc. 12**). Having reviewed the parties' briefs and applicable law, the Court finds that Defendants' motion is well-taken in some respects and thus, Defendants' motion is granted in part and denied in part as follows: GRANTED with respect to Plaintiff's federal claims alleged in Count 3, subject to amendment of the Complaint by Plaintiff; GRANTED as to Count 4; DENIED as to Counts 5 and 6; and DENIED as MOOT as to the state law claims in Counts 1, 2, 7, and 8.

BACKGROUND

This lawsuit arises from an automobile accident which occurred in Farmington, N.M. Plaintiff was driving his car toward a street intersection when he was hit on the passenger side of the car by a police vehicle. Am. Compl., ¶ 24. The police car was driven by Defendant Brown, who was at the time a law enforcement officer employed by the Farmington Police Department.

---

[1] Defendant Cox is represented by other counsel and did not participate in this motion.

The essence of Plaintiff's claims is that Defendant Brown was negligent in the operation of the police vehicle; that Defendant Brown drove at a dangerous and reckless speed; and that Defendant City of Farmington (hereinafter, "City") is liable under a theory of municipal liability for failure to adequately train and supervise Defendants and for its own unconstitutional policies, customs and practices.   Plaintiff is also suing other individuals connected to the accident or its aftermath, for example, Daniel Anglin who was the lead technician employed by the city to maintain and repair the traffic signal at the intersection where the accident occurred; and Jason Cox, a law enforcement officer who is alleged to have covered up Defendant Brown's dangerous driving. *See* Am. Compl., ¶¶ 108-119.  The Amended Complaint (Doc. 5) asserts federal question jurisdiction and supplemental jurisdiction under 28 U.S.C. §1367 for the state law claims asserted under New Mexico common law and the New Mexico Tort claims Act, NMSA §41-4-1, et seq. ("Tort Claims Act"). Am. Compl., ¶¶ 19, 20.   The complaint alleges eight claims for relief:

Count 1:   Negligence in the Operation of a Motor Vehicle (Defendant Brown) pursuant to the Tort Claims Act;

Count 2:   Negligence Per Se in the Operation of a Motor Vehicle (Defendant Brown) pursuant to the Tort Claims Act;

Count 3:   Unlawful Seizure and/or Excessive Force Contrary to the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. §1983;

Count 4:   Malicious Prosecution of Plaintiff by Defendant Cox and/or Defendant Brown pursuant to §1983;

Count 5:   Municipal Liability (custom and policy) against the City pursuant to §1983;

Count 6:   Municipal Liability (failure to train and supervise) pursuant to §1983;

Count 7:   Battery of Plaintiff by Defendant Brown pursuant to the Tort Claims Act; and

Count 8:   Failure to Maintain or Repair Dangerous Intersection by Defendant Anglin pursuant to the Tort Claims Act.

Other facts relevant to this motion are the following and are taken directly from the Complaint:[2]

On or about December 12, 2012, Plaintiff was driving his 1999 Mitsubishi Eclipse northbound on North Butler Avenue approaching the intersection of where North Butler Avenue meets East Main Street. In the passenger seat next to him was Plaintiff's friend Deseree Trujillo. As Plaintiff entered the intersection of Butler and East Main Street, his vehicle was suddenly struck with tremendous force, on the passenger side, by a police vehicle being driven by Defendant Brown. At the time he entered the intersection, Defendant Brown was speeding, traveling approximately 51 miles an hour in a 30 [sic] mile per hour zone. At the time of the collision, Defendant Brown was on duty as a police officer. Defendant was not responding to an emergency call, he had not activated his lights or siren and there was no legal justification for Defendant Brown's excessive speed. Plaintiff alleges that the wreck destroyed Plaintiff's car, that the car was struck with such violent force that it was forced into the parking lot of a nearby business and that Deseree Trujillo was seriously injured. Plaintiff claims to have suffered head injuries and a broken arm. Plaintiff alleges that as Defendant Brown entered the intersection, he knew that the traffic light on East Main Street was in "rest mode," meaning that it would stay green indefinitely unless a vehicle traveling north and south at the intersection caused the light to cycle or one or more pedestrians attempting to cross the street pressed the crosswalk button. Plaintiff alleges that the light was red for Defendant Brown and green for Plaintiff.

Plaintiff alleges that Defendant Brown was a dangerous driver having a history of traffic and motor vehicle infractions. At the time of the collision, it is alleged that Defendant Brown was "racing toward the intersection without apparently paying any attention to his surroundings.

---

[2] Citations to these factual allegations are contained in Defendants' memorandum brief, Doc. 13 at 2-4.

Plaintiff alleges that Defendant Brown assumed the light would be green in his direction of travel and therefore was not looking forward or paying attention to his surroundings before he collided with Plaintiff.

Defendant Jason Cox of the San Juan County Sheriff's Department is alleged to have caused Plaintiff to be charged with the crime of Great Bodily Harm by Vehicle [based on injuries to his passenger, Desiree Trujillo]. *See* NMSA 1978, §66-8-101(C).[3] Alternatively, Plaintiff alleges that Defendant Brown lied to his fellow officers so they would initiate prosecution of Plaintiff for the crime of Great Bodily Harm by vehicle. Plaintiff was not convicted of Great Bodily Harm by vehicle but he was charged with and pled guilty to the crime of driving while under the influence of alcohol.

In the motion, Defendants seek dismissal of all of Plaintiff's claims in the Amended Complaint ("Complaint" for purposes of this discussion), contending that Plaintiff's alleged §1983 claims are not supported by the law, but are state law claims which should be governed by the Tort Claims Act; and also that Plaintiff's claims under the Tort Claims Act are barred because they were not brought within the two-year statute of limitations applicable to claims brought under that Act.

## DISCUSSION

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal

---

[3] NMSA 1978, § 66-8-101 states in relevant part that: "A person who commits homicide by vehicle or great bodily harm by vehicle while under the influence of intoxicating liquor or while under the influence of any drug or while violating Section 66-8-113 NMSA 1978 is guilty of a third degree felony and shall be sentenced pursuant to the provisions of Section 31-18-15 NMSA 1978, provided that violation of speeding laws as set forth in the Motor Vehicle Code."

conclusions. *Id*. Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

I. **Whether Plaintiff Has Alleged a Claim under §1983**

The Complaint asserts four claims under §1983, two of them against the City under a theory of municipal liability.

A. Count 3: Unlawful Seizure/Excessive Force

In Count 3, alleged under the Fourth and Fourteenth Amendments, Plaintiff claims that Defendant Brown's "dangerous and unlawful decision to drive in excess of the speed limit, without looking ahead of his vehicle, and/or running the red light violated Plaintiff's right to be free from unlawful seizure and/or free from the use of excessive force." Compl., ¶ 96.

To prove an excessive force claim, must show unreasonable force to effectuate an arrest. *Graham v. Connor,* 490 U.S. 386, 388 (1989); *Allen v. Muskogee, Okla.,* 119 F.3d 837 (10th Cir. 1997). Thus, Plaintiff must prove that a seizure or arrest occurred, and that a defendant used unreasonable force in making the arrest. Assuming the facts alleged in the Complaint to be true, there is no way to plausibly view what happened as rising to the level of a Fourth Amendment violation. Plaintiff is alleging that a traffic accident is a seizure in which excessive force was used, but the facts asserted here do not support this notion. A "seizure" under the Fourth Amendment requires "an intentional acquisition of physical control." *Brower v. Inyo County,* 49 U.S. 593, 596-97 (1989) (citing *Tennessee v. Garner,* 471 U.S. 1 (1985)). In the *Inyo* case, the

5

United States Supreme Court found no seizure had occurred where a police officer accidentally struck and killed a fleeing motorcyclist during a high-speed pursuit:

> . . . a Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally desired termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement through means intentionally applied.

*Inyo,* 49 U.S. at 596.   This was an automobile accident, and there is no allegation that Defendant Brown exerted, or attempted to exert, intentional physical control over Plaintiff or his vehicle.

Defendants also contend that Plaintiff's Fourteenth Amendment claim cannot withstand dismissal under Rule 12(b)(6) because claims alleged under the Fourteenth Amendment also require more than negligently inflicted harm.  *See County of Sacramento v. Lewis,* 523 U.S. 823 (1998) (liability for negligently inflicted harm is "categorically beneath threshold of constitutional due process); *see also Daniels v. Williams,* 474 U.S. 327 (1986) (a negligent act by government officer does not give rise to constitutional claim under §1983); *Webber v. Mefford,* 43 F.3d 1340, 1342 (10th Cir. 1994) (negligent conduct by a government official that injures an individual's life, liberty, or property does not give rise to a Fourteenth Amendment violation actionable under §1983).   The Court agrees generally with Defendants' argument, and notes that Plaintiff's Fourteenth Amendment also fails because it is premised (at least in the Complaint) only on unlawful arrest and excessive force. Under United States Supreme Court precedent, if a constitutional claim "is covered by a specific constitutional provision, such as the Fourth . . . Amendment, the claim must be analyzed under the standard appropriate to that specific provision and 'not under the rubric of substantive due process.'"  *Albright v. Oliver,* 510 U.S. 266, 273 (1994) (citing *Graham v. Connor,* 490 U.S. 386, 395 (1989).  Claims based on allegations of

6

unlawful arrest or excessive force are appropriately analyzed under a Fourth Amendment reasonableness standard, and because that standard is available, Plaintiff cannot assert those specific claims under the Fourteenth Amendment.

In the response, Plaintiff's counsel concedes that no remedy is available to him under a Fourth Amendment analysis, but contends that Plaintiff's claim may be cognizable under the Fourteenth Amendment's substantive due process clause, which he has not specifically alleged anywhere in the complaint. *See* Doc. 19 at 1-3. Plaintiff's recognition is timely and accurate. Reckless intent may violate §1983. *Medina v. City and County of Denver,* 960 F.2d 1482, 1496 (10th Cir, 1992). Reckless intent is established if the actor was aware of a known or obvious risk that was so great that it was highly probable that serious harm would follow and he or she proceeded in conscious and unreasonable disregard of the consequences. Thus, reckless intent involves disregard of a particular risk rather than intent to cause a particularized harm. *Id.* (citation omitted).

Counsel requests that the Court allow him to amend the complaint to clarify that his civil rights claim against Defendant Brown falls under the substantive due process clause of the Fourteenth Amendment rather than the Fourth Amendment's proscription against unlawful seizure. The Court will grant Plaintiff the opportunity to amend the complaint to do so, particularly because he has already alleged facts which form a plausible basis for a claim that Defendant Brown was reckless in his operation of the police vehicle he was driving. *See, e.g.,* Compl., ¶ 102 ("Based upon the fact that Defendant Brown was not performing a legitimate police functioning that required him to engage in the aforementioned reckless use of force, Defendant Brown is not entitled to qualified immunity"); ¶ 106 ("Defendant Brown's actions were willful, wonton, malicious, intentional, grossly indifferent and perpetrated with reckless

7

indifference to the rights of Plaintiff").  Defendant claims that Plaintiff's request to amend should be denied on grounds of futility.  A court may deny leave to amend if amendment would prove futile.  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see TV Communications Network, Inc., v. Turner Network Television, Inc*., 964 F.2d 1022, 1028 (10th Cir.1992).  However, the Court finds it premature in the context of a motion to dismiss, to judge the facts asserted in the Complaint in order to determine whether Defendant Brown's conduct was egregious enough to "shock the conscience."  *Perez v. Unified Government of Wyandotte County/Kansas City, Kan*., 432 F.3d 1163, 1166 (10th Cir. 2005) (only government conduct that "shocks the conscience" can give rise to a substantive due process claim) (citing *Paul v. Davis,* 424 U.S. 693, 701 (1976)).  In their recitation of the relevant facts in the reply, Defendants attempt to persuade the Court that these facts comport with issues of negligence and comparative fault rather than substantive due process.  As mentioned previously, Plaintiff has alleged sufficient facts that suggest reckless conduct as well on the part of Defendant Brown, and the Court finds it rather odd that Defendants mention facts which in themselves would suggest as much.  For example, Defendants acknowledge that while Plaintiff claims the traffic signal in the direction that Defendant Brown was traveling was actually red, *see* Compl., ¶¶ 62-63, the parties "hotly" contest this point.  Defendants also acknowledge that Plaintiff asserts that Defendant Brown "assumed the light would be green in his direction of travel and therefore was not looking forward or paying attention before he collided with the Plaintiff."  Compl., ¶ 77.  These facts directly contradict Defendants' stance that Plaintiff alleges that Defendant Brown was merely negligent in operating his motor vehicle.  *See* Doc. 23 at 9.  These are issues which are more appropriately hammered out at the summary judgment stage, but not in a motion to dismiss, where the Court must assume Plaintiff's allegations as true.

Accordingly, Plaintiff's Count 3 as alleged in the Amended Complaint as an unlawful arrest/excessive force claim under the Fourth and Fourteenth Amendment is dismissed because the claim does not state a plausible cause of action under the *Iqbal/Twombly* standard. However, Plaintiff will be allowed to amend the complaint to clarify an assertion of a claim against Defendant Brown premised on the Fourteenth Amendment's substantive due process clause.

B.      Count 4: Malicious Prosecution Against Defendants Brown and/or Cox

In Count 4, Plaintiff asserts a claim for malicious prosecution under §1983. "[I]t is generally accepted that the common law of torts is the starting point for determining the contours of a malicious prosecution claim under § 1983. *Taylor v. Meacham,* 82 F.3d 1556, 1561 (10th Cir. 1996) (citation omitted); *Wolford v. Lasater*, 78 F.3d 484, 489-90 (10th Cir. 1996) (federal claim for malicious prosecution arises under Fourth Amendment). Because New Mexico law requires lack of probable cause as an essential element of the tort of malicious prosecution, *id.* at 1561-62, Plaintiff must prove a lack of probable cause for his arrest. Also, malicious prosecution claims brought under §1983 do not begin to accrue until a plaintiff has achieved a favorable result in the original action. *Mata v. Anderson*, 685 F.Supp.2d 1223, 1249 (D.N.M. 2010) (a necessary component of a malicious prosecution action, therefore, is the termination of the prior criminal proceeding in favor of the accused); *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (a constitutional violation can exist only when a plaintiff alleges the legal process itself to be wrongful); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 559-60 (10th Cir. 1999).

Plaintiff bases his entire malicious prosecution claim on the fact that he was not convicted on the charge of Great Bodily Harm by Vehicle, overlooking the fact that he pled guilty to the crime of Driving While Under the Influence of Alcohol ("DUI") and does not challenge the validity of that conviction. Compl., ¶¶ 116-117. As a result, Plaintiff does not—

9

and cannot—allege a lack of probable cause for his arrest, nor can he assert that the proceeding on a charge for which he was arrested ended in his favor, which is required in order to assert a plausible malicious prosecution claim.  Plaintiff cannot pick and choose which crime he wishes to focus on in establishing a lack of probable cause for his arrest.  The legality of an arrest may even be established by proving there was probable cause to believe the plaintiff committed a crime other than the one with which he was ultimately charged provided the crime under which the arrest was made and the crime for which probable cause exists are related in some fashion.  *See Buck v. City of Albuquerque*, 549 F.3d 1269, 1281 (10th Cir. 2008); *Apodaca v. City of Albuquerque*, 443 F.3d 1286 (10th Cir. 2006) (emphasis added); and *Gassner v. City of Garland, Texas*, 864 F.3d 394, 398 (5th Cir. 1989).  All that matters is whether [the officer] possessed knowledge of evidence that would provide probable cause to arrest [a suspect] on some ground.  *Apodaca*, 443 F.3d at 128; *cmp. Devenpeck v. Alford*, 543 U.S. 146, 1149 (2004) (arrest of driver for impersonating an officer or obstruction of justice could be supported by probable cause, notwithstanding fact that such offenses were not closely related to offense stated by officers as reason for arrest).  Here, the charges of Great Bodily Harm by Vehicle and DUI have the common connection of operating a vehicle while intoxicated by drugs or alcohol.   Probable cause existed for Plaintiff's arrest and his plea of guilty to the crime of DUI forecloses any argument that the proceeding ended in Plaintiff's favor.

    Regardless of whether Plaintiff could have proceeded on this claim under a Fourth Amendment inquiry, Plaintiff does not state a valid malicious prosecution claim under the Fourteenth Amendment, which is analyzed under a due process standard.  However, as Defendants note, Plaintiff could have resorted to post-deprivation remedies, such as state court tort claim, in order to satisfy due process requirements.   *See Becker v. Kroll*, 494 F.3d 904, 921

(10th Cir.2007) (if a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements) (citing *Parratt v. Taylor*, 451 U.S. 527, 535–44, 101 S.Ct. 1908, (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986)).[4]

C.   Counts 5 and 6: Municipal Liability Claims

Defendants move for dismissal of the municipal liability claims in Counts 5 and 6 on the basis that there is no underlying constitutional violation. *See Butler v. City of Prairie Village*, 172 F.3d 736, 747 (10th Cir.1999) (municipal liability may not be imposed on an entity defendant where individual defendants are found to have committed no constitutional violation). However, because the Court is allowing Plaintiff to amend the complaint to include a Fourteenth Amendment substantive due process claim, Plaintiff still asserts a federal constitutional claim against Defendants, which may support a municipal liability claim. Dismissal of the municipal liability claims would be premature, and Defendants' motion is denied as to these claims.

## II.   Plaintiff's State Law Claims under the Tort Claims Act

Defendants contend that Plaintiff's claims for negligence under the Tort Claims Act are untimely by one day under the two-year limitations period in the Tort Claims Act, NMRA 1978, §41-4-15 which allows a two-year statute of limitations period.

The underlying accident occurred on December 12, 2012, and Plaintiff filed this lawsuit on December 12, 2014, exactly on the two-year anniversary of the incident. In their motion,

---

[4] Defendants rely on an "adequate post-deprivation remedy" argument also to argue that Plaintiff should not be allowed to pursue a substantive due process claim under the Fourteenth Amendment claim, pointing to the fact that Ms. Trujillo, the passenger in Plaintiff's vehicle at the time of the accident, has filed a lawsuit against Defendants City and Brown in state court. *See* Ex. A. Unlike Plaintiff, however, Ms. Trujillo has chosen to assert no due process claim in that lawsuit, which is limited to state law claims of negligence under the Tort Claims Act. Thus, the availability of post-deprivation remedies does not necessarily offer a suitable substitute for Plaintiff's substantive due process claim against Defendant Brown, at least in being allowed to bring the claim in the first place.

Defendants argued that state court rules apply here in providing the means of computing the time prescribed in the limitations period, citing to 1-006(A)(1)NMRA, which governs the computation of time.  However, in their reply, Defendants acknowledge that they misconstrued the case on which they relied, *Dutton v. McKinley County Bd. of Com'rs,* 113 N.M. 51 1991) (applying Rule 1-006(A) to claim brought under Tort Claims Act), and that *Dutton* actually supports Plaintiff's position that filing on the two-year anniversary date was timely.  As a result, Defendants withdraw their challenge on this issue, although they still contend that these claims should be tried in state court.

      **THEREFORE,**

      **IT IS ORDERED** that Defendants' Motion to Dismiss **(Doc. 12)** is hereby GRANTED IN PART and DENIED IN PART as follows:

      (1)     The motion is GRANTED as to Count 3 which asserts violations of the Fourth and Fourteenth Amendment based on unlawful arrest and excessive force, and which shall be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).  However, Plaintiff shall be allowed to amend the complaint to recast the claim as a substantive due process claim under the Fourteenth Amendment **within thirty (30) days of the entry of this Memorandum Opinion and Order;**

      (2)     The motion is GRANTED as to Count 4 alleging malicious prosecution under §1983, on the grounds that probable cause existed for Plaintiff's arrest and his plea of guilty to the crime of DUI forecloses any argument that the proceeding ended in Plaintiff's favor;

      (3)     The motion is DENIED with regards to the municipal liability Counts 5 and 6.  These claims will not be dismissed, and may still be viable claims, given that Plaintiff will be amending the Complaint to allege a Fourteenth Amendment claim;

(4)     The motion is DENIED as MOOT with regards to Plaintiff's state law claims brought under the Tort Claims Act, based on Defendants' concession on these claims;

(5)     Finally, Defendants had requested sanctions in the form of attorney's fees under §1988 or Rule 11, but Defendants have withdrawn the request in the reply, based on the recognition by Plaintiff's counsel that he should be seeking relief under the Fourteenth Amendment's substantive due process clause.

_____
UNITED STATES DISTRICT JUDGE