**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CODY OLACHEA,**

      **Plaintiff,**

vs.                                             **Case No. CIV 14-1126 WJ/CG**

**CITY OF FARMINGTON, NEW MEXICO, TYLER W. BROWN,** formerly a law enforcement officer employed by Defendant Farmington Police Dept., a subsidiary of the City of Farmington, and **DANIEL ANGLIN**, an employee of the **CITY OF FARMINGTON** tasked with the repair and maintenance of the Traffic Signal Located at E. Main St. and N. Butler Ave., Farmington, New Mexico**,**

      **Defendants.**

**PLAINTIFF'S NOTICE OF NON-PROTECTED INTERNAL AFFAIRS FILE IN HIS POSSESSION, WHICH FILE WAS DELIVERED TO HIS ATTORNEY IN THE CRIMINAL PROSECUTION OF PLAINTIFF AND WAS NOT THE SUBJECT OF ANY PROTECTIVE ORDER**

      Plaintiff Cody Olachea, through counsel, AEQUITAS LAW, LLC (Anna C. Martinez) hereby provides notice that he received the certain internal affairs documents, which were generated during an internal investigation of Tyler Brown, from the State of New Mexico during the course of his prosecution in the case styled, *State of New Mexico vs. Cody Olachea*, No. D-1116-CR-201300269.

      At the scheduling conference in this matter, Defendants' attorney brought up her contention that Plaintiff could not know certain facts without having seen the "Internal Affairs file" compiled as a result of the Farmington Police Department's internal investigation into Tyler Brown's role in the catastrophic accident in this matter. Counsel for Defendants claimed that the release of any

information in the internal affairs investigation could only have been gathered in violation of the protective order in effect in the civil case brought by Plaintiff's passenger. Although Plaintiff still requests that the Court direct Defendant to specifically identify the information that Plaintiff allegedly could not have known without some person or entity violating the protective order, Plaintiff would like to give the Court notice of the information that undersigned counsel did receive and is in possession of as a result of counsel's work as Plaintiff's defense attorney in the aforementioned prosecution of Plaintiff.

In the prosecution of Mr. Olachea, Mr. Olachea, through undersigned counsel, argued that internal affairs investigation that the Farmington Police Department conducted as a result of the motor vehicle collision giving rise to both Mr. Olachea's prosecution and the instant suit was discoverable under the liberal discovery standard set forth in the New Mexico Rules of Criminal Procedure and under applicable precedent. Mr. Olachea also sought the release of Mr. Brown's personnel file. At the request of the State of New Mexico, the criminal court reviewed all of the documents requested and found that the internal affairs file was discoverable, but Mr. Brown's personnel file was not. A copy of the email communications between undersigned counsel and the assistant district attorney who prosecuted Plaintiff Olachea is attached hereto as *Exhibit A*. As the email chain demonstrates, Mr. Olachea sought the internal affairs file, the Court agreed that Mr. Olachea was entitled to the internal affairs file, and the internal affairs file was produced to Mr. Olachea.

As the docket sheet in the criminal case makes clear, there was no protective order sought by any party in the criminal case and no protective order was entered. See, attached, *Exhibit B: docket sheet from State of New Mexico vs. Cody Olachea*, No. D-1116-CR-201300269, retrieved on August 24, 2015. Plaintiff does not know whether the file that he received contains the

information that counsel for Defendants alleges that he could not have gotten absent someone else's violation of a protective order, but so that there is no confusion about what he received and to prevent counsel for Defendants from lodging an unfounded accusation against any members of the Bar[1], the version of the internal affairs investigation that was released in the criminal case is attached hereto as *Exhibit C*. As described above, this information is not subject to any protective order. All personal information has been redacted as required by Fed.R.Civ.P.5.2.

At such time as he is made aware of any additional or continuing claims by counsel for Defendants that he is in possession of material that he should not have, Plaintiff will address those claims. At the present, Plaintiff believes that providing the attached exhibits satisfies the Court's desire, expressed at the scheduling conference, to know source of the information for Plaintiff's knowledge of the internal affairs investigation conducted into Tyler Brown's actions during the events giving rise to this case. If this belief is incorrect, Plaintiff respectfully requests that the Court inform him of its additional concerns and Plaintiff will address those concerns immediately.

**WHEREFORE**, Plaintiff respectfully requests that the Court, Defendants, and Defendants' counsel take notice that any information that Defendants contended was confidential that is contained within *Exhibit C* was in fact produced absent any protective order and is not protected or confidential.

---

[1] Although Plaintiff is not certain that the internal affairs file provided to him contains the information that Defendants argue was protected, it is apparent that counsel for Defendants is insinuating that counsel for Deseree Trujillo provided the internal affairs file to Plaintiff in disregard of the protective order in the Trujillo case. Counsel for Ms. Trujillo did not provide any internal affairs file to undersigned counsel. The internal affairs file and the information therein was provided by the State of New Mexico.

|  |  |
|---|---|
|  | Respectfully submitted,<br>**AEQUITAS LAW**<br><br>"**Electronically Filed**" |
| By: | /s/ Anna C. Martinez<br>Attorney for Plaintiff<br>P.O. Box 25304<br>Albuquerque, NM 87125<br>(505) 750-8005<br>anna@aequitas.pro |

I hereby certify that a true and correct copy of the foregoing pleading was delivered to all counsel of record via the Court's CM/ECF document filing and delivery service on the date noted in the Court-affixed header.

"**Electronically Filed**"
/s/ Anna C. Martinez