IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CODY OLACHEA,

    Plaintiff,

v.  NO. 1:14-CV-01126-WJ-CG

CITY OF FARMINGTON, NEW MEXICO,
TYLER W. BROWN, and DANIEL ANGLIN,

    Defendants.

**DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT OF
THEIR MOTION FOR SANCTIONS UNDER RULE 37**

Defendants, City of Farmington, Tyler W. Brown and Daniel Anglin ("Defendants"), by and through their attorneys of record, Miller Stratvert P.A. (Virginia Anderman and W. Tyler Denning), hereby file this Motion for Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. Given Plaintiff's repeated failures to comply with the rules and orders of this Court, Defendants ask that the Court award Rule 37 sanctions against Plaintiff in the form of dismissal of Plaintiff's Complaint plus attorney fees.

**I.  History of Events**

This Court will likely recall some of the history leading up to the present motion. On May 22, 2015, the Court issued its standard Scheduling Order which directed the parties to confer to exchange Initial Disclosures and to appear for a telephonic scheduling conference on July 28, 2015.

Despite prodding from Defendants' counsel, Plaintiff and his counsel failed to prepare or participate in preparation of the Joint Status Report, even though it was Plaintiff's obligation to initiate it as the filing party. Plaintiff did not respond after Defendants prepared and sent to Plaintiff a draft of the Joint Status Report and Provisional Discovery Plan for his input. As

documented in Defendants' previous filings, including on July 21, 2015, the date that Defendants submitted the Joint Status Report with only Defendants' portion to the Court, Plaintiff had failed to respond to multiple attempts by defense counsel to secure Plaintiff's portion of the Joint Status Report.

Not only did Plaintiff fail to cooperate in the formulation of the Joint Status Report and Provisional Discovery Plan, the Court will recall that Plaintiff, through his counsel, failed to attend the telephonic status conference without prior notice to the Court or to Defendants. As a result of that non-appearance, the Court issued an Order to Show Cause on July 28, 2015. On August 3, 2015 Plaintiff's counsel filed a Response to the Order to Show Cause, advising the Court that there had been some calendaring errors due to a computer malfunction at her office. In that response and at the subsequent Scheduling Conference that was held before Judge Garza on August 11, 2015, counsel for Plaintiff assured both defense counsel and the Court that there would be no further lapses. The Court elected to quash the Order to Show Cause.

At the conference on August 11, 2015, Judge Garza directed both parties to exchange Initial Disclosures by August 18. This order was commemorated in the Court's minutes from that conference. As a result, Defendants filed a previous motion on August 21, 2015 (Docket No. 43), seeking to compel those disclosures. After the Court indicated that it wished to have a status conference on August 31, 2015 (Docket No. 48) to discuss that motion and other pending motions, Defense counsel reached out to Plaintiff's counsel and they came to an agreement with regard to the pending motions and Defendant's previous Rule 37 motion was withdrawn. Defendants hoped that with a clean slate the case could go forward expeditiously and without further intervention by the Court.

**II.     Plaintiff Has Failed to Serve Answers to Any of the Written Discovery**

Nevertheless, Defendants find themselves once again in the position of having to pursue with the Court Plaintiff's failure to comply with his obligations. On September 2, 2015, Defendants propounded Interrogatories and Requests for Production and Requests for Admissions (Exhibits A and B hereto). Plaintiff failed to comply within the 30 days allowed by the Court even allowing an additional three days for service. On October 9, 2016, counsel for Defendants sent Plaintiff the letter attached hereto as Exhibit C, in which Defendants advised that the Requests for Admission that Plaintiff failed to answer are by operation of the rule deemed admitted. Defendants also advised that they would be filing a motion under Rule 37. As no response was received, Defendants are filing the present motion seeking sanctions. Given the pattern of disregard for the Court, opposing parties and the Federal Rules as a whole, Defendants seek the sanction of dismissal and an award of attorney fees.

Rule 37(a)3(A) provides that if a party fails to serve responses to interrogatories or requests for production, the Court may award sanctions. As already pointed out, in the event a party fails to respond to a Request for Admissions, the Requests shall be deemed admitted. It is Rule 37, therefore, that governs a party's failure to respond to the other forms of written discovery. The sanctions permissible under Rule 37 which are available to the Court include: prohibiting a disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; or treating as contempt of court the failure to obey an order. Given the course of conduct exhibited here, Defendants ask the Court to dismiss the present action with prejudice.

**III.     Tenth Circuit Precedent Has Upheld Dismissals with Prejudice Under Similar Circumstances**

    **A.**     ***Lee v. Max Intern., LLC***,

The Tenth Circuit court has several times upheld dismissal of a case with prejudice where there was a similar pattern of a party and/or his attorney failing to comply with the rules of the Court.  In ***Lee v. Max Intern., LLC***, 638 F.3d 1318 (10th Cir. 2011), the Tenth Circuit posed the following question:  "How many times can a litigant ignore his discovery obligations before his misconduct catches up with him?...After patiently affording the plaintiffs chance after chance, the district court eventually found the intransigence intolerable and dismissed the case as sanction.  We affirm."  ***Id.*** at 1319.  In the ***Lee*** case, defendants filed a motion to compel after they received unsatisfactory discovery responses.  The motion was granted and plaintiffs only partially complied with the court's order.  After giving the plaintiffs one more chance to produce the requested documents, plaintiffs certified that they had done so but defendants documented that some of the material ordered produced was still missing.

The Tenth Circuit cited its prior opinion in ***In Re Baker***, 744 F.2d 1438, 1440 (10th Cir. 1984):  "District courts enjoy 'very broad discretion to use sanctions where necessary to insure…that lawyers and parties…fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.'"  ***Lee*** at 1320.  The Tenth Circuit acknowledged that the district court's act of participating in the discovery motions practice affords it a superior position for deciding what sanction best fits.  ***Id.***  The sanction of dismissal should be predicated on "willfulness, bad faith or some fault."  ***Id.*** at 1321 (citations omitted)  Various factors that a district court may consider when deciding whether to exercise its discretion to issue a dismissal sanction include:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the

4

litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the adequacy of lesser sanctions." These factors are taken from *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors do not represent a rigid test but are criteria that the district court may wish to consider in the exercise of what always remains a discretionary function. *Id.* at 1323. In *Lee*, the court upheld the district court (who had adopted the magistrate's recommendations for dismissal) even though the court had not explicitly reviewed the *Ehrenhaus* factors.

   B.   *Gripe v. City of Enid, Oklahoma*,

In *Gripe v. City of Enid, Oklahoma*, 312 F.3d 1184 (10th Cir. 2002) the district court had dismissed plaintiff's complaint as a sanction for his lawyer's repeated violations of court orders and rules. In that case, plaintiff argued that he should not be penalized for his lawyer's shortcomings, but the Tenth Circuit rejected that argument. In that case the court had documented repeated failures of plaintiff and his counsel to prosecute the case. Service on the defendants was untimely (compare this fact with the present case where this Court had to issue an order after the 120-day deadline had passed for service (Docket No. 3)), plaintiff's attorney had failed to appear at a court-ordered status conference (which also occurred in this case) after which the case was dismissed by the court. *Id*. at 1187.

Plaintiff filed a motion for relief from judgment under Rule 60 and supplemented the record with an affidavit from the attorney. The district court refused to set aside the judgment, observing that the plaintiff's attorney had "a disturbing history of missed deadlines and noncompliance with the court's orders in this case." *Id.* Plaintiff argued that dismissal was too harsh a sanction under the circumstances but the district court held that dismissal did not

penalize plaintiff unjustly because he had chosen the attorney who had repeatedly failed to comply with court orders and rules. *Id.* at 1187-88.

The Tenth Circuit reviewed the district court's opinion for abuse of discretion. The Tenth Circuit observed that the district court had noted that on at least two occasions plaintiff's failure to follow court orders and rules had inconvenienced and prejudiced the defendants and the court, the court had clearly warned plaintiff that failure to follow court orders and rules could result in dismissal of the case and found that a sanction less severe than dismissal would not be effective. Although in *Gripe* there was no discussion about culpability of the litigant the court held that "dismissal does not unjustly penalize the individual plaintiff in light of the repeated and documented failure of his chosen representative" and that "a litigant is bound by the actions of its attorney." *Id* at 1188.

The Tenth Circuit likewise rejected plaintiff's argument that the penalty against him was too harsh. "Those who act through agents are customarily bound by their agent's mistakes." The Tenth Circuit cited the U.S. Supreme Court case in *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962) which likewise upheld a dismissal based on the unexcused conduct of the petitioner's counsel. "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Gripe* at 1189, quoting *Link* at 633-64.

C. *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*

Similarly in *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172 (10th Cir. 1995), the court upheld the district court's dismissal of the plaintiff's action as a discovery sanction based on the plaintiff having provided false and misleading discovery answers regarding

her history of lower back pain, concluding that the plaintiff's actions had irreparably prejudiced the defendant in the preparation of its defense and that the plaintiff's conduct had seriously interfered with the judicial process, the court dismissed the claim as a sanction. The court held that the order of dismissal did not constitute an abuse of discretion even though the plaintiff had not been previously warned of the imminent dismissal or that the court did not evaluate all of the *Ehrenhaus* factors and that lesser sanctions were not appropriate. *Id*. at 1175.

### IV.     Application of Precedent to the Present Case

Consideration of the *Ehrenhaus* factors, while not required, help to further illustrate why dismissal is an appropriate sanction in the present case. Once again, these factors are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the adequacy of lesser sanctions.

Defendants have been prejudiced throughout this entire litigation by the delays and excessive expense incurred in having to seek the Court's intervention due to Plaintiff's failure to conform to the Court's scheduling deadlines and failure to abide by the procedural rules of this Court. The case is now stalled yet again due to Plaintiff's most recent failure to provide any discovery responses. Second, Plaintiff and his counsel have significantly interfered with the judicial process and have already been the subject of an Order to Show Cause. Now there is evidence of Plaintiff's own culpability as shown by his lack of cooperation that has resulted in a total failure to respond to interrogatories, requests for production and requests for admission. Rule 37 warns a party that a total failure to respond to discovery can result in the sanction of dismissal and so Plaintiff has been on notice of this possibility. Not only that, Plaintiff and his

counsel had been warned by the Order to Show Cause that they were not in compliance with their obligations. Given the course of conduct of this case by Plaintiff and his counsel, a dismissal of the case would hardly be a surprise. Lastly, given the history of abuses in this case, it is hard to imagine that a lesser sanction would be meaningful. Clearly, Plaintiff's own willfulness in failing to respond to discovery justifies dismissal of his cause of action. In addition, Plaintiff's counsel may now wish to withdraw, but she does so only after she has been an active participant in the improprieties leading up to the present motion, which would justify an award of fees against counsel.

Rule 37(b)2(C) provides that instead of or in addition to any of the sanctions allowed under the rule, the Court must order the disobedient party, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. The Court record is replete with motions that Defendants had to file due to lack of cooperation by Plaintiff and his counsel, including the present one. The cost to Defendants has been several thousand dollars and despite Defendants' efforts, the case is delayed yet again due to the inaction of Plaintiff and his counsel. Surely under these circumstances, Defendants are entitled to their attorneys' fees for having to bring to this Court's attention yet another example of Plaintiff's failure to conform to the rules of conducting litigation in this Court, including the fees associated with filing this motion and related motions seeking to require Plaintiff to comply with the most basic rules of this Court.

In response to the Order to Show Cause, filed on August 3, 2015 (Docket No. 32) Plaintiff and his counsel indicated that the previous oversights were due to a computer error and would not be repeated. Nevertheless, Plaintiff has continued to miss deadlines or worse, as

demonstrated by the Plaintiff's total failure to respond to written discovery, again ignoring his duties to the Court and to opposing counsel

Despite the fact that it was Plaintiff who chose to bring his action in the New Mexico Federal District Court, he is unwilling to pursue it as the rules of this Court require. Time after time, Plaintiff has ignored his obligations to opposing counsel and the Court by failing to comply with Court orders and discovery obligations.

As required by the Federal Rules of Civil Procedure, Defendants sought Plaintiff's position on this motion before filing it. It was not until then that Plaintiff's counsel advised that she wished to withdraw from the case, reportedly due to lack of cooperation by Plaintiff. The combined and ongoing failures of Plaintiff and his counsel justify a serious sanction. The sanction of dismissal, while severe, is warranted in this instance as is an award of fees.

WHEREFORE, Defendants request that the Court review the history of the Plaintiff's disregard of the rules of the Court and the inconvenience resulting to Defendants and this Court dismiss Plaintiff's complaint with prejudice and award Defendants their attorney's fees in having to respond to these recurring violations.

Respectfully submitted,

MILLER STRATVERT P.A.

By */s/ Virginia Anderman*
   Virginia Anderman
   William T. Denning
   Attorneys for Defendants
   P. O. Box 25687
   Albuquerque, NM 87125-0687
   Telephone: (505) 842-1950
   Facsimile: (505) 243-4408

I hereby certify that on the 15th day of October, 2015
I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**ATTORNEYS FOR PLAINTIFF:**
Anna C. Martinez
Aequitas Law
P. O. Box 25304
Farmington, NM 87125
Telephone:  505-750-8005
Email:  anna@aequitas.pro


*/s/ Virginia Anderman*
Virginia Anderman


\\Abq-tamarack\ProData\013612-047531\Pleadings\2831858.doc

10